NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

W. E. WELLS and Sybil R. Wells, Co-partners Doing Business as Tye & Wells, Contractors and Also Known as Tye and Wells Construction Co., Respondents.

No. 14387.

United States Court of Appeals Sixth Circuit.

Nov. 4, 1960.

Marcel Mallet-Prevost, Asst. General Counsel, National Labor Relations Board, Washington, D. C., for petitioner.

Wells T. Lovett, Thacker, Sweeney & Lovett, Owensboro, Ky., for respondent.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

ORDER.

This cause came on to be heard upon the petition of the National Labor Relations Board for summary entry of a Decree against the respondents herein, enforcing its order dated March 3, 1960. This Court has considered the entire transcript of record filed in this cause, and on November 3, 1960 being fully advised in the premises, issued its decision granting the petition and enforcing the said Order of the Board. In conformity therewith, it is hereby

Ordered, Adjudged and Decreed that Respondents, W. E. Wells and Sybil R. Wells, co-partners, doing business as Tye & Wells, Contractors, and also known as Tye and Wells Construction Co., their officers, agents, successors and assigns shall:

1. Cease and desist from:

(a) Encouraging membership in United Construction Workers, Division of District 50, United Mine Workers of America, and its Local Union No. 108-A, or in any other labor organization of their employees, by requiring, as a condition of employment and continued employment, that their employees acquire and maintain membership in said labor

organizations; by requiring their employees, as a condition of employment, to authorize, either orally or in writing, the Respondents to deduct from their earnings on behalf of said labor organizations, initiation fees, dues, assessments, dobie and work permit fees; and by deducting from the employees' earnings and paying over to said labor organizations pursuant to such illegal checkoff arrangements and practices, the sums withheld for initiation fees, dues, assessments, dobie and work permit fees;

(b) In any other manner interfering with, restraining, or coercing their employees in the exercise of their right to self-organization, to form labor organizations, to join or assist United Construction Workers, Division of District 50, United Mine Workers of America, and its Local Union No. 108-A, or any other labor organization, to bargain collectively through representatives of their own choosing, to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and to refrain from any or all of such activities, except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment, as authorized by the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. (hereinafter called the Act).

2. Take the following affirmative action which the Board has found will effectuate the policies of the Act:

(a) Reimburse its employees and former employees who worked on the Owensboro-Whitesville Road project for all sums withheld from their earnings on behalf of said labor organizations for initiation fees, dues, assessments, dobie and work permit fees during the period beginning on May 23, 1958, and ending with the completion of the project, on or about December 20, 1958;

(b) Preserve and make available to the Board and its agents, upon request, for examination and reproduction, all timecards, payroll records, social security reports, and other personnel records necessary to analyze, compute, and determine the sums withheld from the wages of their employees and former employees on behalf of said labor organizations;

(c) Post in conspicuous places at its employment office copies of the notice attached hereto as an Appendix. Copies of said notice, to be furnished by the Regional Director for the Twenty-fifth Region of the National Labor Relations Board (Indianapolis, Indiana), shall, after being duly signed by an authorized representative of the respondents, be posted by said respondents immediately upon receipt thereof, and be maintained by it for a period of 60 consecutive days thereafter in conspicuous places, including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondents to insure that the said notices are not altered, defaced, or covered by any other material;

(d) Notify in writing the Regional Director for the Twenty-fifth Region within 10 days from the date of this Decree what steps the respondents have taken to comply herewith.